IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYEEM KING, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-25-2088 |
| STATE OF MARYLAND, | * | |
| PRINCE GEORGES COUNTY, | | |
| DETECTIVE JOHN PADDY, | * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Respondents have filed a Motion to Stay pending the outcome of Petitioner's Direct Appeal or, in the Alternative, for an Extension of Time to File Habeas Corpus Answer. ECF No. 9. Petitioner Kyeem King opposes the stay (ECF Nos. 10 and 11), moves for the appointment of counsel (ECF No. 12), and requests "Federal Injunction Relief" by order requiring his release on bond pending appeal (ECF Nos. 13 and 14).

Upon review of the record, this court has determined that a hearing in this matter is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). Under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus cases, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Mr. King's motion seeking the appointment of counsel cites the potential need for an evidentiary hearing, the complexity of the issues involved in this case, and the overlap between state and federal constitutional issues as well as his indigency and

incarceration. ECF No. 12 at 1. Mr. King has demonstrated that he is capable of presenting his claims himself or in securing any assistance required to do so. Further, no hearing is required in this matter. Accordingly, Mr. King's Motion to Appoint Counsel (ECF No. 12) shall be denied.

## I.     Background

On October 24, 2019, Mr. King was indicted in the Circuit Court for Prince George's County, Maryland on six charges: two counts of murder, two counts of use of a firearm in a violent crime, one count of carrying a handgun in a vehicle, and one count of carrying a loaded handgun in a vehicle. ECF No. 9-1 at 2. After a trial that began on April 25, 2022, Mr. King was found guilty of two counts of second-degree murder and related handgun charges by a jury on May 4, 2022. *Id*. On September 7, 2022, Mr. King was sentenced to serve 40 years with all but 35 years suspended for each of the second-degree murder convictions, to be served consecutively. *Id*.

Mr. King filed a timely direct appeal with the Appellate Court of Maryland raising seven questions for review. ECF No. 9-1 at 2-3. Relevant to the Appellate Court's decision, Mr. King alleged the trial court erred when it denied his "request for a *Daubert* hearing[1] on that firearms testimony." *Id*. The Appellate Court held that the Maryland Supreme Court's decision in *Abruquah v. State*, 483 Md. 637 (2023), required a reversal of the trial court's holding regarding the firearms expert's testimony, finding that the testimony should have been ruled inadmissible and the failure to prevent its admission was not harmless beyond a reasonable doubt. *Id*. at 3, 14-18. The Appellate Court remanded the case to the Circuit Court for a new trial. *Id*. at 42. The Mandate issued on July 24, 2025. ECF No. 9-2.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) (holding the Rules of Evidence assign the "trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.").

On August 8, 2025, the State filed a petition for writ of certiorari seeking review of the Appellate Court's decision by the Supreme Court of Maryland. ECF No. 9-3. The proceeding before the Maryland Supreme Court is still pending. ECF No. 9 at 3. Respondents assert that a stay of Mr. King's federal habeas petition is warranted because the Supreme Court's ruling on the pending certiorari proceedings may make his claims moot. *Id.*

Mr. King's claims before this court include that requiring a new trial on remand would violate the double jeopardy clause; his Sixth Amendment right to a fast and speedy trial was violated; his convictions were obtained illegally through fraud, perjury or other corrupt means; and defense counsel failed to move to exclude the testimony of a paid informant, Mr. King's prior conviction of assault and battery, and to object to the jury instruction stating that the jury was the judge of the facts and the law. ECF No. 1 at 1-4; ECF No. 6 at 5-8. In his Motion to Supplement his petition, Mr. King moves to supplement with a new ground for relief "based on newly discovered evidence that reveals extrinsic fraud, perjury, or other corrupt means were employed during the underlying state court proceedings" which violated his constitutional rights. ECF No. 7 at 2. He argues that he is not prohibited from raising this unexhausted claim under § 2254(b)(1) which provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Mr. King relies on paragraph (B)(ii) to support his position that he should be allowed to add claims based on newly discovered evidence. *Id.* Mr. King does not provide a description of the newly

discovered evidence, nor does he explain how his conviction was obtained through fraud or perjury.

In addition to his Motion to Supplement, Mr. King has filed a Motion to Lift Stay and Consider Petitioner's Motion for Bond or Alternatively for Immediate Habeas Relief. ECF No. 11. Mr. King assumes in this motion that this court has stayed this case and asks that the stay be lifted, arguing the stay is "unnecessary and prejudicial" because the Appellate Court of Maryland has already "reversed and remanded one of [his] convictions;" his remaining conviction involves an identical legal issue and is "pending disposition;" and both convictions "relied on ballistics testimony" that has been called into question by the Maryland Supreme Court. *Id*. at 1. He further argues that if he is required to remain incarcerated while awaiting the "slow resolution" of the state appellate process, the remedy will become meaningless. *Id*. at 2. In Mr. King's view, this court retains authority to release him on bond pending final resolution of this petition and he adds that he is entitled to such release because he has raised claims with a high probability of success and exceptional circumstances justify his release. *Id*.

## II. Analysis

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Here, Mr. King is in the process of completing that review. Conservation of judicial resources requires a stay while the Maryland Supreme Court considers the matters raised in the certiorari petition. Further, Mr. King's protests that his "other conviction" is also pending appeal for a similar issue does not change the analysis. Rather, it enhances the

rationale for granting the stay. The Maryland Supreme Court's decision will not only determine the issues raised in this case but may also shape the analysis that applies to Mr. King's second case pending before the Appellate Court of Maryland. The stay will therefore be granted.

Mr. King's motions to amend the petition and to lift the stay in favor of release on appeal bond will be denied. ECF Nos. 7 and 11. Mr. King's amended claim is vague and conclusory. In the event he is able to raise the claim in the state courts at the appropriate time and he exhausts all applicable state remedies, he may be able to amend his petition to include those claims at that time.

With respect to Mr. King's repeated efforts to have this court issue an order requiring his release on bond pending appeal, his request is again denied. ECF No. 11. Each time Mr. King has presented this claim in this court he has incorrectly alleged that the state courts have not provided a reason for denying his release on bond pending appeal. *See King v. State of Md.*, Civil Action JRR-25-2571 (D. Md. 2025); *King v. State, et al.*, Civil Action JRR-25-2485 (D. Md. 2025); *King v. State*, Civil Action JRR-25-2571 (D. Md. 2025); *King v. State, et al.*, Civil Action DKC-25-2625 (D. Md. 2025); *King v. Morgan, et al.*, Civil Action JRR-25-2784 (D. Md. 2025). The Circuit Court for Prince George's County denied Mr. King's request because he still has a 60-year sentence left to serve that has not been overturned. *See State of Md. v. King*, Case No. CT190799X (Prince George's Co. Cir. Ct.).[2] Notwithstanding his concerted effort to mislead this court, a factual basis underlies the state court's decision not to release him from custody on appeal bond and there is no basis for this court to disturb that determination. The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears

---

[2] Available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (https://perma.cc/TBK3-S8AD).

"the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Conclusion

By separate order that follows, Respondents' motion to stay will be granted and Mr. King's motions shall be denied. Respondents will be directed to file status reports concerning the progress of the pending appeal (*State of Maryland v. King*, Sept. Term 2025 Pet. Dkt No. 238 (Md. S. Ct.)) as set forth in the order that follows.

October 6, 2025                                          /s/
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge